## Barney Overbeck
### v.
## George W. Cornwell.

*County Court—Jurisdiction—Sections 5, 6 and 7, Act of 1874.*

The County Court, at a probate term, has no jurisdiction of an action of assumpsit brought by an administrator to collect a debt due the intestate in his lifetime.

[Opinion filed January 10, 1889.]

Appeal from the Circuit Court of Effingham County; the Hon. William C. Jones, Judge, presiding.

Mr. Henry B. Kepley, for appellant.

Messrs. Wright & Wood Bros., for appellee.

Reeves, J. The question to be determined in this case, is, has the County Court, at a probate term, jurisdiction of an action of assumpsit, brought by an administrator to collect a debt due the intestate in his lifetime? It would seem that this question must be determined by the statute. That the County Court has such jurisdiction is not questioned, but is the jurisdiction confined to the law terms of the County Court, or may such a suit be brought to a probate term? Sec. 5 of the act of 1874 relating to county courts provides: "County courts shall have jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators and settlement of their accounts, all matters relating to apprentices, proceedings for the collection of taxes and assessments, and in proceedings by executors, administrators, guardians and conservators for the sale of real estate for the purpose authorized by law; all of which, *except as hereinafter provided*, shall be considered as probate matters, and

be cognizable at the probate term hereinafter mentioned."
Sec. 6 relates to the time of the holding of probate terms, etc.

Section 7: "The county courts shall have concurrent
jurisdiction with the circuit courts in all that class of cases
wherein justices of the peace now have or may hereafter have
jurisdiction, where the amount claimed, or the value of the
property in controversy shall not exceed one thousand dollars
($1,000), concurrent jurisdiction in all cases of appeals from
justices of the peace and police magistrates, *provided*, appeals
from the county judge, when sitting as a justice of the peace,
shall be .taken to the Circuit Court as now, and in all criminal
offenses and misdemeanors where the punishment is not im-
prisonment in the penitentiary or death; all of which shall be
cognizable at the law terms hereinafter mentioned."

It will be observed that the matters embraced in Sec. 5 are
cognizable at the probate terms, "except as hereinafter pro-
vided."

Section 7 enumerates, among others, just such a case as the
one involved in this suit, and says it shall be cognizable at the
law terms of the County Court. We do not see how the
Legis'ature could well have used language that would more
plainly fix the jurisdiction of the County Court, at its law term,
of such cases as the one here considered.

Even conceding that this case might be included under the
phrase, "settlement of estates of deceased persons," found in
Sec. 5, still it must be remembered that Sec. 5, in giving
jurisdiction at the probate terms of the County Court in the
matter of the settlement of the estate of deceased persons, and
other matters, excepts what is in the same act thereinafter
otherwise provided, and Sec. 7 specifically gives the County
Court jurisdiction of the whole class of cases to which the
one in controversy in this suit belongs, and declares that this
jurisdiction shall be exercised by the County Court at its law
terms. We think the Circuit Court held correctly that the
County Court, at a probate term, had not jurisdiction of the
subject-matter of the suit of Arminda J. Broom, administratrix
of the estate of John Broom, deceased, *versus* George W. Corn-
well; jurisdiction of the subject-matter is just as necessary as

jurisdiction of the person of the defendant in order to a valid judgment. Where there is an absence of jurisdiction of the subject-matter, the judgment is void and may be attacked collaterally.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*